RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 6/17/05
BY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| **ARTHUR JOHNSON** | **CIVIL ACTION NO. 05 cv 638** |
| **VERSUS** | **SECTION "P"** |
| **TIM WILKINSON, ET AL.** | **JUDGE DRELL** |
| | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

This complaint was referred to the undersigned Magistrate Judge for review, report and recommendation pursuant to this court's standing order.

## BACKGROUND

Before the Court is a civil rights action filed pursuant to 18 U.S.C. §1983 by *pro se* Plaintiff, **ARTHUR JOHNSON,** ("Plaintiff"). Plaintiff is currently incarcerated at the Winn Correctional Center in Winnfield, Louisiana. This case was transferred from the Middle District of Louisiana on April 11, 2005. [Rec. Doc. 2]. Plaintiff was granted permission to proceed *in forma pauperis* on May 6, 2005. [Rec. Doc. 6].

Plaintiff names as defendants: Tim Wilkinson, Greg Jones, and Winn Correctional Center. [Rec. Doc. 1, p.1].

Plaintiff claims he had a case of food poisoning on March 4, 2005. [Doc. 1, p. 5]. From this illness Plaintiff concluded that he is the target of a murder conspiracy. [Id.]

Plaintiff requests relief of "taking this claim to the highest action". [Rec. Doc. 1, p.5]

## **LAW AND ANALYSIS**

### I. Frivolity

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune. See 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### **EXHAUSTION**

A prisoner **must exhaust all administrative remedies available** to him **before proceeding to federal court** for relief. See *Porter v. Nussle*, 534 U.S. 516,524, 122 S.Ct.983,988, 152 L.Ed.2d 12,(2002); *Garrett v. Hawk*, 127 F.3d 1263, (10th Cir. 1997); *Tonia v. FCI-Dublin*, 2002 U.S. Dist, LEXIS 2161 (N.D.Tex. 2002); *Sallee v.Joyner*, 40 F.Supp.2d 766, (E.D.Va.1999); *Gibbs v. Bureau of Prison Office*, 986 F.Supp 941, (D.C.Md. 1997).

As amended by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C.§ 1997e provides that a "prisoner confined in any jail, prison, or other correctional facility" shall not be able to file a suit pursuant to 42 U.S.C.§ 1983 or any other federal law, pertaining to prison conditions, until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998). Exhaustion is now mandatory in prison condition cases, "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 739, 741, 121 S.Ct 1819, 149 L.Ed.2d 958 n.6 (2001). Furthermore, the United States Supreme Court held in *Porter*, 534 U.S. at 532, that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."

In the instant action, Plaintiff has blatantly admitted to his failure to exhaust administrative remedies before filing this

3

lawsuit as is required by 42 U.S.C.§ 1997e(a). [See Rec. Doc. 1, p.3] Plaintiff admitts his ARP's are still pending. Plaintiff has not demonstrated that he attempted to exhaust all levels of remedies. He asserts that he has not received a response yet. Plaintiff must demonstrate that he exhausted before proceeding to federal court. Accordingly, Plaintiff is not in compliance with the statutory prerequisites that he exhaust administrative remedies before filing suit in federal court.

For the above reasons, **IT IS RECOMMENDED** that plaintiff's civil rights complaint should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the**

4

factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED**, in Chambers at Alexandria, Louisiana, this _17th_ day of _June_, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE